1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARIO A. WILLIAMS,

11              Plaintiff,                    No. CIV S-11-1687 GGH P

12        vs.

13   GARY SWARTHOUT, Warden, et al.,

14

15        Defendants.                    <u>ORDER</u>

     _____/

16              Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20              Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22              Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff will not be assessed an initial filing fee.  28 U.S.C.

24   § 1915(b)(1).  Plaintiff will be obligated for monthly payments of twenty percent of the preceding

25   month's income credited to plaintiff's prison trust account.  These payments will be forwarded

26   by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

1   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2        The court is required to screen complaints brought by prisoners seeking relief

3   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

4   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

5   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

6   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

7   U.S.C. § 1915A(b)(1),(2).

8        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

9   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

10  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

11  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

12  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

13  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

14  Cir. 1989); Franklin, 745 F.2d at 1227.

15       A complaint must contain more than a "formulaic recitation of the elements of a

16  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

17  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

18  "The pleading must contain something more...than...a statement of facts that merely creates a

19  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

20  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

21  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

22  v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A

23  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

24  the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

25       In reviewing a complaint under this standard, the court must accept as true the

26  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

1  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

2  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

3  1843 (1969).

4         Plaintiff alleges that defendants were deliberately indifferent to his serious

5  medical needs.  However, plaintiff's complaint consists of approximately two pages setting forth

6  some facts followed by approximately 140 pages of exhibits.  Plaintiff names three defendants,

7  the warden of the facility and the two chief medical officers.  Plaintiff alleges that these

8  defendants caused a delay in plaintiff receiving his hand surgery.  Plaintiff states that he filed an

9  appeal on June 1, 2009, describing how his hand was hurting following his back surgery.

10  Plaintiff did not receive the hand surgery until May 2010, but he continues to suffer pain.

11  Plaintiff does not describe the actions of any of the defendants in the body of his complaint.

12  Instead, he merely concludes that defendants were responsible for delaying his hand surgery

13  without providing any details.  This is insufficient to allege a viable constitutional violation.

14         Plaintiff's complaint is dismissed with leave to file an amended complaint in

15  twenty-eight days.  Plaintiff must describe the actions of the defendants and how they violated

16  his rights.  Simply annexing exhibits will not suffice.

17         In order to state a claim for violation of the Eighth Amendment based on

18  inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

19  deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

20  To prevail, plaintiff must show both that his medical needs were objectively serious, and that

21  defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299,

22  (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of

23  mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4

24  (1992).

25         A serious medical need exists if the failure to treat a prisoner's condition could

26  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

1   that a prisoner has a serious need for medical treatment are the following:  the existence of an

2   injury that a reasonable doctor or patient would find important and worthy of comment or

3   treatment; the presence of a medical condition that significantly affects an individual's daily

4   activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

5   F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

6   (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

7   grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

8          In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very

9   strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of

10  course, negligence is insufficient.  Farmer, 511 U.S. at 835.  However, even civil recklessness

11  (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should

12  be known) is insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would

13  have known of the risk or that a defendant should have known of the risk.  Id. at 842.

14         It is nothing less than recklessness in the criminal sense-subjective

15  standard-disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842.  "[T]he

16  official must both be aware of facts from which the inference could be drawn that a substantial

17  risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Thus, a defendant

18  is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk

19  by failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough that the official

20  acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  If

21  the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42.

22  However, obviousness per se will not impart knowledge as a matter of law.

23         The Civil Rights Act under which this action was filed provides as follows:

24         Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
25         deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
26         law, suit in equity, or other proper proceeding for redress.

4

1    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

2    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

3    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

4    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

5    meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

6    omits to perform an act which he is legally required to do that causes the deprivation of which

7    complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

8           Moreover, supervisory personnel are generally not liable under § 1983 for the

9    actions of their employees under a theory of respondeat superior and, therefore, when a named

10   defendant holds a supervisorial position, the causal link between him and the claimed

11   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

12   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

13   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

14   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

15   Cir. 1982).

16          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

17   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

18   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

19   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

20   there is some affirmative link or connection between a defendant's actions and the claimed

21   deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

22   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

23   vague and conclusory allegations of official participation in civil rights violations are not

24   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

25          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

26   order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

5

1  amended complaint be complete in itself without reference to any prior pleading.  This is

2  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

3  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

4  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

5  original complaint, each claim and the involvement of each defendant must be sufficiently

6  alleged.  Plaintiff is also informed that the operative allegations are required to appear in the

7  complaint; simply attaching hundreds of pages of exhibits will not suffice.

8         Plaintiff has also requested the appointment of counsel.  The United States

9  Supreme Court has ruled that district courts lack authority to require counsel to represent

10  indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

11  (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

12  counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

13  1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

14  court does not find the required exceptional circumstances.  Plaintiff's motion for the

15  appointment of counsel will therefore be denied.

16         In accordance with the above, IT IS HEREBY ORDERED that:

17         1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

18         2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

19  Plaintiff will not be assessed an initial filing fee.  All fees shall be collected and paid in

20  accordance with this court's order to the Director of the California Department of Corrections

21  and Rehabilitation filed concurrently herewith.

22         3.  Plaintiff's complaint is dismissed for the reasons discussed above, with leave

23  to file an amended complaint within twenty-eight days from the date of service of this Order.

24  Failure to file an amended complaint will result in a recommendation that this action be

25  dismissed.

26  ////

6

1         4.  Plaintiff's June 22, 2011 motion for the appointment of counsel (Doc. 3) is

2    denied.

3    DATED: July 5, 2011

4                                       /s/ Gregory G. Hollows

5                                     GREGORY G. HOLLOWS
                                 UNITED STATES MAGISTRATE JUDGE

GGH: AB
6    will1687.b

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26