IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO A. WILLIAMS,

                 Plaintiff,                      No. CIV S-11-1687 GGH P

      vs.

GARY SWARTHOUT, Warden, et al.,

                 Defendants.                   ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  He seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff's original complaint was dismissed and plaintiff has filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6            A complaint must contain more than a "formulaic recitation of the elements of a

7    cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

8    speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9    "The pleading must contain something more...than...a statement of facts that merely creates a

10   suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

11   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

12   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

13   v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

14   S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

15   the court to draw the reasonable inference that the defendant is liable for the misconduct

16   alleged." Id.

17           In reviewing a complaint under this standard, the court must accept as true the

18   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

20   and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

21   1843 (1969).

22           Plaintiff alleges that defendants were deliberately indifferent to his serious

23   medical needs regarding his hand surgery.  In May 2009, plaintiff received back surgery.  In June

24   2009, plaintiff was seen by defendant Dr. Huffman at Queen of the Valley Medical Center for

25   follow up to the back surgery, where plaintiff complained of numbness and pain in his right

26   hand.  The doctor thought it was possibly related to the back surgery or perhaps carpal tunnel

2

1  syndrome and recommended that plaintiff both see a hand specialist and return for further follow

2  up in two months.  Plaintiff was seen by various other doctors but was not able to see the hand

3  specialist.  Plaintiff returned for another follow up with Dr. Huffman in August 2009, who again

4  referred plaintiff to the hand specialist.  Plaintiff was again seen by other doctors who

5  encouraged hand exercises and uses of a splint.  Plaintiff was unable to see a hand specialist as

6  the prison was in the middle of changing its outside orthopedic provider.  In January 2010, his

7  wrist was x-rayed which revealed no acute fracture, dislocation or focal osseous lesion and no

8  joint space narrowing.

9         Plaintiff was finally scheduled for hand surgery on May 28, 2010.  The amended

10 complaint provides no more information as plaintiff concludes that the delay in the hand surgery

11 caused him harm.  Plaintiff doesn't specifically describe what the additional harm was other than

12 there was further muscle atrophy in his wrist and hand.  Nor does plaintiff address if the pain

13 ended after the hand surgery.  A review of plaintiff's exhibits indicates that immediately after the

14 surgery and for one year after, plaintiff continued to complain of pain and numbness in his hand

15 and also back pain.

16        "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

17 claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937,

18 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial

19 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

20 inference that the defendant is liable for the misconduct alleged." Id.  The court cannot articulate

21 plaintiff's claims for him.  In the amended complaint plaintiff states that his hand was in pain and

22 there was a delay in surgery.  While this could state a cognizeable claim, plaintiff must allege

23 sufficient facts to indicate he suffered an injury as a result of the delay and that defendants were

24 deliberately indifferent to a serious medical need.  Mere delay in medical treatment without more

25 is insufficient to state a claim of deliberate medical indifference.  Shapley v. Nevada Bd. of State

26 Prison Com'rs, 766 F.2d 404, 407 (9th Cir. 1985).

3

1    Plaintiff's first amended complaint is dismissed with leave to file a second

2  amended complaint in twenty-eight days.  Plaintiff must provide more than a few conclusory

3  allegations with little factual support.

4    In order to state a claim for violation of the Eighth Amendment based on

5  inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

6  deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

7  To prevail, plaintiff must show both that his medical needs were objectively serious, and that

8  defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299,

9  (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of

10  mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4

11  (1992).

12    A serious medical need exists if the failure to treat a prisoner's condition could

13  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

14  that a prisoner has a serious need for medical treatment are the following:  the existence of an

15  injury that a reasonable doctor or patient would find important and worthy of comment or

16  treatment; the presence of a medical condition that significantly affects an individual's daily

17  activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

18  F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

19  (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

20  grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

21    In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very

22  strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Of

23  course, negligence is insufficient.  Farmer, 511 U.S. at 835.  However, even civil recklessness

24  (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should

25  be known) is insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would

26  have known of the risk or that a defendant should have known of the risk.  Id. at 842.

1    It is nothing less than recklessness in the criminal sense-subjective

2    standard-disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842.  "[T]he

3    official must both be aware of facts from which the inference could be drawn that a substantial

4    risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Thus, a defendant

5    is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk

6    by failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough that the official

7    acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  If

8    the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42.

9    However, obviousness per se will not impart knowledge as a matter of law.

10    The Civil Rights Act under which this action was filed provides as follows:

11    Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the

12    deprivation of any rights, privileges, or immunities secured by the
      Constitution . . . shall be liable to the party injured in an action at

13    law, suit in equity, or other proper proceeding for redress.

14    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

15    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

16    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

17    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

18    meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

19    omits to perform an act which he is legally required to do that causes the deprivation of which

20    complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21    Moreover, supervisory personnel are generally not liable under § 1983 for the

22    actions of their employees under a theory of respondeat superior and, therefore, when a named

23    defendant holds a supervisorial position, the causal link between him and the claimed

24    constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

25    (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

26    941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

1  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

2  Cir. 1982).

3         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

4  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

5  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

6  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

7  there is some affirmative link or connection between a defendant's actions and the claimed

8  deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

9  164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

10  vague and conclusory allegations of official participation in civil rights violations are not

11  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

12         In addition, plaintiff is informed that the court cannot refer to a prior pleading in

13  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

14  amended complaint be complete in itself without reference to any prior pleading.  This is

15  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

16  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

17  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

18  original complaint, each claim and the involvement of each defendant must be sufficiently

19  alleged.

20         Accordingly, IT IS HEREBY ORDERED that plaintiff's first amended complaint

21  is dismissed for the reasons discussed above, with leave to file a second amended complaint

22  within twenty-eight days from the date of service of this Order.  Failure to file a second amended

23  complaint will result in this action being dismissed.

24  DATED: July 22, 2011

25                                        /s/ Gregory G. Hollows
                                          UNITED STATES MAGISTRATE JUDGE

26  GGH: AB
    will1687.b2

                                          6