IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO A. WILLIAMS,

      Plaintiff,                                    No. CIV S-11-1687 GGH P

   vs.

GARY SWARTHOUT, Warden, et al.,

      Defendants.                                  <u>ORDER</u>

_____/

        Plaintiff has filed a request for reconsideration of this court's order filed July 25, 2011, dismissing the first amended complaint with leave to amend. This case is before the undersigned pursuant to plaintiff's consent. Doc. 5.

<u>Standards For Motions To Reconsider</u>

        Although motions to reconsider are directed to the sound discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>, 92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of judicial economy weigh heavily in the process. Thus Local Rule 230(j) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or circumstances [which] were not shown upon such prior motion, or what other grounds exist for the motion." The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is

1 substantially different evidence . . . new controlling authority, or the prior decision was clearly
2 erroneous and would result in injustice." <u>Handi Investment Co. v. Mobil Oil Corp.</u>, 653 F.2d
3 391, 392 (9th Cir. 1981); <u>see also</u> <u>Waggoner v. Dallaire</u>, 767 F.2d 589, 593 (9th Cir. 1985), <u>cert.</u>
4 <u>denied</u>, 475 U.S. 1064 (1986).

5   Courts construing Federal Rule of Civil Procedure 59(e), providing for the
6 alteration or amendment of a judgment, have noted that a motion to reconsider is not a vehicle
7 permitting the unsuccessful party to "rehash" arguments previously presented, or to present
8 "contentions which might have been raised prior to the challenged judgment." <u>Costello v. United</u>
9 <u>States</u>, 765 F.Supp. 1003, 1009 (C.D.Cal. 1991); <u>see also</u> <u>F.D.I.C. v. Meyer</u>, 781 F.2d 1260, 1268
10 (7th Cir. 1986); <u>Keyes v. National R.R. Passenger Corp.</u>, 766 F. Supp. 277, 280 (E.D. Pa. 1991).
11 These holdings "reflect[] district courts' concerns for preserving dwindling resources and
12 promoting judicial efficiency." <u>Costello</u>, 765 F.Supp. at 1009.

13   In the instant action, plaintiff has raised now new or different facts and simply
14 disagrees with the court's decision.  Plaintiff's motion is denied, but he may still file a second
15 amended complaint.

16   Therefore, IT IS HEREBY ORDERED that, upon reconsideration, this court's
17 order of July 25, 2011 is affirmed.

18 DATED: September 20, 2011

19   /s/ Gregory G. Hollows
   UNITED STATES MAGISTRATE JUDGE
20 GGH: AB
   will1687.850

2