IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO A. WILLIAMS,

       Plaintiff,                   No. CIV S-11-1687 GGH P

  vs.

GARY SWARTHOUT, Warden, et al.,

       Defendants.          ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's first amended complaint was dismissed and plaintiff has filed a second amended complaint.

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

\\\\

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs regarding his hand surgery. The four defendants are Swarthout, the warden, Austin, the CEO for medical care, Traquina, the Chief Medical Officer, and Mefford, a nurse. In May 2009, plaintiff received back surgery. In June 2009, plaintiff was seen for follow up to the back surgery, where plaintiff complained of numbness and pain in his right hand. A non defendant doctor thought it was possibly related to the back surgery or perhaps carpal tunnel syndrome and recommended that plaintiff both see a hand specialist and return for further follow up in two months. Plaintiff was seen by various other doctors but was not able to see the hand specialist. Plaintiff returned for another follow up in August 2009, and was again advised to see a hand specialist.

2

1    Plaintiff was unable to see a hand specialist at that time and in January 2010, his
2 wrist was x-rayed which revealed no acute fracture, dislocation or focal osseous lesion and no
3 joint space narrowing.  Plaintiff was finally scheduled for hand surgery on May 28, 2010, but
4 states he still suffers from hand pain and problems stemming from the delay in surgery.
5 However, plaintiff has again failed to link the named defendants to his alleged deprivation.  The
6 only allegation against Traquina is that plaintiff filed a request for surgery on April 22, 2010, and
7 Traquina replied on April 27, 2010, that plaintiff would receive the surgery in May 2010.  The
8 only allegation against Austin is that also on April 22, 2010, plaintiff requested hand surgery and
9 Austin replied that surgery would occur in the next 60 days.  The surgery occurred on May 28,
10 2010, so it is not clear how these two defendants are liable for plaintiff receiving surgery
11 approximately one month after he notified them.  The only allegation against Swarthout is that as
12 warden of the facility, he was aware of plaintiff's pain and suffering and his request for hand
13 surgery.  The court notes there are no allegations in the second amended complaint against
14 Mefford.

15    While plaintiff could have a cognizeable claim for an Eighth Amendment
16 violation, plaintiff has failed to link any of the defendants to his alleged deprivation.  There are
17 no allegations that any of these defendants ever treated plaintiff and two simply answered a
18 request for surgery which occurred a month later.

19    Plaintiff's second amended complaint is dismissed with leave to file a third
20 amended complaint in twenty-eight days.  Plaintiff must link the named defendants to his alleged
21 constitutional deprivation.  The court cannot serve defendants who had little or no involvement
22 in this case.

23    In order to state a claim for violation of the Eighth Amendment based on
24 inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence
25 deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).
26 To prevail, plaintiff must show both that his medical needs were objectively serious, and that

defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299, (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference." Of course, negligence is insufficient.  Farmer, 511 U.S. at 835.  However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk.  Id. at 842.

It is nothing less than recklessness in the criminal sense-subjective standard-disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  If

the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42. However, obviousness per se will not impart knowledge as a matter of law.

> The Civil Rights Act under which this action was filed provides as follows:
>
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that plaintiff's second amended complaint is dismissed for the reasons discussed above, with leave to file a third amended complaint within twenty-eight days from the date of service of this Order. Failure to file a third amended complaint will result in this action being dismissed.

DATED: November 18, 2011

      /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
will1687.b3