IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO A. WILLIAMS,

      Plaintiff,                      No. 2:11-cv-1687 LKK AC (P)

    vs.

GARY SWARTHOUT, et al.,

      Defendants.                  ORDER

_____/

        Plaintiff has requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        In the present case, the court does not find the required exceptional circumstances. Plaintiff has been able to articulate his claims, and any difficulty plaintiff currently claims, such as the need to conduct discovery, is not derived from the complexity of the issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

1   Plaintiff argues that he may experience retaliation on account of his lawsuit, that
2 the case may be tried to a jury, or that he may need expert testimony.  <u>See</u> ECF No. 30 at 3-4.
3 Because plaintiff's arguments are speculative, they are currently insufficient to warrant the relief
4 requested.  However, the court will deny the motion without prejudice to renewal at a later date,
5 in case plaintiff's circumstances change.
6   Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the
7 appointment of counsel (Docket No. 30) is denied without prejudice to renewal at a later stage in
8 the proceedings.
9 DATED: April 11, 2013.

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb
will1687.31

2