UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>GARY SWARTHOUT, et al.,<br><br>    Defendants. | No.  2:11-cv-1687 LKK AC P<br><br><br>ORDER |

Plaintiff, a California inmate proceeding pro se, seeks relief under 42 U.S.C. § 1983. Plaintiff's motion to compel discovery and motion to appoint counsel are pending.

I.    Motion to Compel

The Federal Rules of Civil Procedure permit discovery of "any nonprivileged matter that is relevant to any party's claim or defense- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identify and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

On June 21, 2013, plaintiff moved pursuant to Fed. R. Civ. P. Rule 37(a) for an order compelling defendants Austin, Mefford and Traquina to respond to his discovery requests served on May 2, 2013. ECF No. 35 at 1−2.  Plaintiff's discovery requests included one set of interrogatories, requests for admission, and requests for production of documents directed to each

of the three defendants. Id. at 1−2. At the time plaintiff filed his motion to compel, he had not received any discovery responses from defendants. Id. In their opposition to the motion filed on June 25, 2013, defendants state the motion should be denied because they served timely and adequate responses to all of plaintiff's discovery requests. ECF No. 36 at 2. In reply, plaintiff admits that defendants served timely responses after he filed his motion to compel, but states that defendants failed to fully respond to interrogatory number nine. ECF No. 37 at 1−2. Accordingly, only the adequacy of defendants' response to interrogatory number nine remains at issue.

Plaintiff's interrogatory number nine asks "Who is responsible for scheduling, authorizing, approving, surgical procedures at CSP-Solano between the time of June 1, 2009, until May 28, 2010." ECF No. 35 at 7 [to defendant Mefford], 17 [to defendant Austin], 28 [to defendant Traquina]. Each defendant responded separately to plaintiff's interrogatory number nine as follows:

> Generally, for specialty services, a patient-inmate's primary care provider submits a Request for Services form, which is initially processed by the Utilization Management Nurse. The Nurse inputs the information on the form into a computer program and then the program, based on that information, states either that the surgery is approved or denied.
>
> If the program denies the request, the Chief Medical Officer, Chief Physician and Surgeon, or a designee reviews the denial. If the request is denied again, the primary care physician may appeal the denial to the Medical Authorization Review Committee (MAR). If the MAR denies the request, it goes to the final level of review, the Health Care Review Subcommittee. (*See* the California Correctional Health Care Services Policies and Procedures, Chapter 8, Outpatient Specialty Services (May 2009), which was provided in response to Plaintiff's requests for production of documents, for more details.) Once a request for services is approved, an outside scheduler schedules the procedure with the provider.
>
> In plaintiff's case, Plaintiff was initially referred to Dr. Huffman, an orthopedic specialist, by Dr. Y. Chen, a physician and surgeon employed at CSP-SOL. Dr. Huffman then referred Plaintiff to Dr. Birbeck, a hand surgeon. Plaintiff's consultation with Dr. Birbeck was approved on June 18, 2010, through the Utilization Management process described above. Defendants have been unable to locate documents pertaining to the request for or authorization of Plaintiff's surgery in Plaintiff's medical records. Defendants are in the process of acquiring documents from the hospital where Plaintiff received outside specialty care. Defendants

> will supplement their response if they are able to ascertain who requested Plaintiff's carpal tunnel surgery.

ECF No. 36 at 22−23 [defendant Austin], 31−32 [defendant Mefford], 43−44 [defendant Traquina]

Interrogatories must be answered fully, in writing, and under oath. Fed. R. Civ. P. 33(b)(3). While extensive research is not required, a party must make a reasonable effort to respond adequately. L.H. v. Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132 at *2 (E.D.Cal. Sep. 21, 2007).

Plaintiff asserts defendants failed to "fully answer[ ]" interrogatory number nine. ECF No. 37 at 2. He contends the requested information is relevant and that it will lead to the discovery of admissible evidence. Id. Plaintiff does not, however, explain how the responses provided by defendants are inadequate.

In a motion to compel, the moving party bears the burden of showing why the other party's responses are inadequate or their objections unjustified. See Williams v. Cate, No. 1:09-cv-0468 LJO JLT, 2011 WL 6217378 at *1 (E.D. Cal. Dec. 14, 2011) ("Plaintiff bears the burden of informing the Court... for each disputed response, why Defendant's objection is not justified.... Plaintiff may not simply assert that he has served discovery responses, that he is dissatisfied, and that he wants an order compelling further responses.") (citing Ellis v. Cambra, No. 1:02-cv-5646 AWI SMS, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008)). Here, plaintiff has failed to demonstrate how or why defendants' responses to interrogatory number nine are inadequate. To any extent plaintiff is unsatisfied with the portion of defendants' response stating that they have been unable to locate certain documents, the motion to compel cannot be granted because the court cannot compel defendants to produce documents that they do not have. Defendants are, of course, under a continuing duty to supplement their discovery responses pursuant to Fed. R. Civ. P. 26(e).

Plaintiff has failed to show that any of defendant's discovery responses were inadequate. Accordingly, the motion to compel will be denied. For the same reason, plaintiff's request for sanctions will likewise be denied.

II. <u>Motion to Appoint Counsel</u>

On July 22, 2013, plaintiff requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335−36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion to compel discovery (ECF No. 35) and motion to appoint counsel (ECF No. 38) are denied.

DATED: August 8, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ls//will1687.31.mtc

4